IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| ADAM SHANE SWINDLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 7:17-cv-8017-LSC |
| | ) | (7:15-cr-247-LSC-SGC) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

Petitioner Adam Shane Swindle ("Swindle") has filed with the Clerk of this Court a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. 1.) The United States opposes the motion. (Doc. 3.) For the following reasons, the motion is due to be denied.

**I.  Background**

On July 30, 2015, a federal grand jury in the Northern District of Alabama indicted Swindle on three counts: distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count 1); receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count 2); and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2) (Count 3).

1

On October 20, 2015, Swindle pled guilty to Counts 2 and 3 pursuant to a signed plea agreement, and the Government agreed to dismiss Count 1. As stated in the factual basis of the plea agreement and stipulated to by Swindle, the images of child pornography possessed and received by Swindle are of real children, some under the age of 12, engaged in sexually explicit conduct, including but not limited to actual or simulated sexual intercourse, actual or simulated masturbation, and the lascivious exhibition of the genitals or pubic area of the person. There was an appeal waiver in the plea agreement, but it listed as exceptions claims of ineffective assistance of counsel, among other things.

This Court sentenced Swindle on March 1, 2016, to 168 months' imprisonment as to Counts 2 and 3, separately, to run concurrent with the other, followed by a lifetime term of supervised release and a $200.00 felony assessment. Count 1 was dismissed at sentencing pursuant to the plea agreement. Judgment was entered on March 1, 2016.

Swindle appealed, but he later moved to voluntarily dismiss his appeal, and it was dismissed by the Eleventh Circuit Court of Appeals on June 10, 2016. Swindle filed the instant § 2255 motion on April 25, 2017.

## II. Discussion

Section 2255 permits a federal prisoner to bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Once a petitioner files a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id.* § 2255(b). A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002). "[A] petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.* at 715 n.6. However, this Court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989); *see, e.g., Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) ("Because the . . . affidavits submitted by Lynn amount to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

Swindle asserts two grounds in support of his request for relief: 1) counsel was ineffective for failing to object and allowing Swindle to enter a plea of guilty to

3

an insufficient factual basis; and 2) counsel was ineffective for allowing Swindle to enter his plea of guilty unknowingly and involuntarily.

As an initial matter, Swindle waived certain rights when he entered into his guilty plea, but he did not waive the right to raise a claim of ineffective assistance of counsel on appeal or on collateral attack. Moreover, claims of ineffective assistance of counsel are not required to be raised on direct appeal and may be raised for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

The Sixth Amendment guarantees the right to effective assistance of counsel in all criminal prosecutions. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). The standard applicable to claims of ineffective assistance of counsel in post-conviction motions is well-established: relief will not be granted unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). More specifically, the movant must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. The court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. In determining whether an attorney's performance fell

below the objective standard of reasonableness, the court is highly deferential to counsel's decisions and must keep in mind that "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged performance, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The court must also indulge a strong presumption that counsel's performance falls within the "wide range of reasonable professional assistance." *Id.* When seeking to overcome this presumption, a movant cannot rely on bare accusations and complaints, but instead "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

*Strickland*'s two part standard is applicable to ineffective-assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). With regard to the prejudice prong in the context of a guilty plea, the defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

**A.  The factual basis for Swindle's guilty plea was sufficient, and therefore defense counsel was not ineffective for failing to object**

Swindle essentially argues that because he never admitted to having violated the particular federal statutes that criminalize the conduct to which he pled guilty, the factual basis of his guilty plea was insufficient, and, by extension, his counsel

5

was ineffective for failing to object to it. He also appears to contend that because he was not questioned in detail about his crimes during his plea hearing, there was an insufficient factual basis for his plea. (*See* Doc. 1 at 25 ("The Court never asked Petitioner any questions regarding his description of the crimes, nor was the prosecution or any law enforcement officer called upon to testify as to what Petitioner did to establish that all of the essential elements were admitted to by Petitioner.")).

As an initial matter, Swindle's claim that the factual basis for his plea was insufficient is likely barred by the appeal waiver in his plea agreement and thus not cognizable by this Court on collateral review. Swindle's efforts to couch the claim as one of ineffective assistance of counsel in order to avoid the appeal waiver do not go unnoticed by this Court. Nonetheless, the Court will address the claim.

Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005) (quotations omitted). "There is a strong presumption that the statements made during the [plea] colloquy are true," *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.

1994), and "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false," *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

In this case, the factual basis of Swindle's plea agreement plainly proves how Swindle received and possessed images of child pornography. The factual basis proves that a computer forensic examination of Swindle's laptop computer revealed 75 videos of child pornography and that the images of child pornography on Swindle's computer were possessed on September 17, 2014, and received between roughly March 23, 2014, and April 25, 2014, by Swindle. Swindle initialed and signed just below the factual basis of the plea agreement acknowledging that the factual basis establishes that the images of child pornography possessed and received by Swindle are of real children engaged in sexually explicit conduct, including but not limited to, actual or simulated sexual intercourse, actual or simulated masturbation, and the lascivious exhibition of the genitals or pubic area of a person. Swindle also initialed and signed acknowledging that the factual basis clearly states how Swindle used the internet to receive and possess images of child pornography that were produced in other states and traveled in interstate commerce, via the internet. The factual basis provides sufficient facts for every element of the crimes to which Swindle pled guilty.

Further, the Court specifically addressed the factual basis of the plea agreement at Swindle's plea hearing, and asked Swindle, "When you signed it there on page five, were you stipulating and agreeing that the factual basis that precedes your signature is true and correct and I should rely upon it?" (Doc. 38 at 17.) Swindle responded, "Yes, it is correct." (*Id.*)

It follows that defense counsel was not ineffective for failing to object to the factual basis and allowing Swindle to plead guilty pursuant to the plea agreement. *See, e.g. Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a non-meritorious objection).

In sum, this claim is due to be denied without an evidentiary hearing because it is "affirmatively contradicted by the record." *Holmes*, 876 F.2d at 1553.

**B. Swindle entered a knowing and voluntary plea of guilty, and therefore defense counsel was not ineffective**

Swindle also claims that his "understanding when he signed the stipulation was that the alleged facts contained in the Factual Basis could only be used by the Court to calculate his sentence and not to determine whether or not he was guilty of committing each alleged violation." (Doc. 1 at 25-26.) He thus alleges that his plea was not knowing and voluntary. Again, Swindle's claim, which would likely be barred by the appeal waiver in his plea agreement, is couched in his ineffective

assistance of counsel claim, i.e., that counsel should not have let him plead. All of his assertions are refuted by the record.

The plea hearing for Swindle fully satisfied the requirements of Federal Rule of Criminal Procedure 11. The Court placed Swindle under oath, addressed him personally in open court, and sufficiently informed Swindle of the nature of the charges against him and the consequences of a guilty plea. (*See generally* Doc. 38.) The Court properly made sure Swindle had sufficient understanding to enter a knowing and voluntary plea, and properly advised Swindle of all the rights he was giving up by pleading guilty. Furthermore, the Court specifically inquired as to whether Swindle was entering a voluntary guilty plea:

> THE COURT: All right. I need to make sure this is your free and voluntary act.
>
> SWINDLE: It is.
>
> THE COURT: You are not being forced to do this; you understand everything. So I am going to make further explanation and ask you some more questions. You're charged—and it's my understanding from the plea agreement that you and the government have entered into an agreement where you are going to plead guilty to count two and count three of the indictment; is that correct?
>
> SWINDLE: Yes, Your Honor.

(Doc. 38 at 9.) The Court properly confirmed again that Swindle was knowingly and voluntarily pleading guilty because Swindle was, in fact, guilty:

> THE COURT: Has anybody threatened you, forced you, or coerced you in any way to get you to plead guilty?
>
> SWINDLE: No, Your Honor.
>
> THE COURT: Are you wanting to plead guilty because you are guilty?
>
> SWINDLE: Yes.
>
> …
>
> THE COURT: Have you heard anything today that I have said or otherwise that's changed your mind and made you not want to plead guilty?
>
> SWINDLE: Oh, No, Your Honor.
>
> THE COURT: Do you realize that even though you signed all these documents you can plead not guilty and go to trial?
>
> SWINDLE: Yes, Your Honor.
>
> …
>
> THE COURT: To the offense charged against you in Count II and III of the Indictment, how do you plead?
>
> SWINDLE: Guilty.

(*Id.* at 8-19.) Swindle also specifically acknowledged reading and signing the plea agreement and discussing it with defense counsel. (*Id.* at 16.) Swindle cannot now

cast doubt on his sworn testimony by offering conclusory allegations that he did not understand what he was doing. *See e.g., Medlock*, 12 F.3d at 187.

Because Swindle's claim that his plea was not knowing and voluntary is refuted by the record, his counsel could not have been constitutionally ineffective for failing to advise him not to plead guilty. In fact, defense counsel effectively and strategically negotiated, as enumerated in the plea agreement, the dismissal of Count One of the Indictment: Distribution of Child Pornography. Further, during the change of plea hearing, Swindle testified under oath that he received adequate time to consult with defense counsel concerning the charges and consideration of possible defenses. (Doc. 38 at 3-4.) Swindle also testified under oath that he was satisfied with defense counsel's performance:

> THE COURT: Let's talk about your lawyer; he is sitting there with you. How has he done as far as attorney goes?
>
> SWINDLE: He has been great, Your Honor.
>
> THE COURT: Do you have any complaints about his representation of you?
>
> SWINDLE: No, Your Honor.
>
> THE COURT: Has he spent what you think to be a sufficient amount of time helping you with your case?
>
> SWINDLE: Yes, Your Honor.

(*Id.* at 3-4.) The evidence was overwhelming, Swindle voluntarily chose to plead guilty, and the record makes clear that defense counsel was competent in allowing Swindle to make the reasonable and strategic choice to plead guilty. An evidentiary hearing is not warranted on this claim because it is "affirmatively contradicted by the record." *Holmes*, 876 F.2d at 1553.

### III. Conclusion

For the foregoing reasons, Swindle's § 2255 motion is due to be denied. Additionally, pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability ("COA"). Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 &

n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. Accordingly, a COA will not issue from this Court.

The Court will enter a separate order in conformity with this Memorandum of Opinion.

**DONE** AND **ORDERED** ON NOVEMBER 15, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704